UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 1:25-cv-24121-EA

**Dmytro Mokanu,**

    Petitioner,

v.

**Warden Miami Federal Detention Center**,
**US Department of Homeland Security**,

    Respondents.
_____/

## ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS

This cause comes before the Court on its sua sponte order for the parties to brief the Court's subject matter jurisdiction under 8 U.S.C. §§ 1252(b)(9) and/or (g) [ECF No. 15]. Having carefully considered the record and the parties' arguments, the Court dismisses the petition for lack of subject matter jurisdiction under 8 U.S.C. § 1252(g).

### Background

The petitioner is a Ukrainian citizen who was allegedly granted humanitarian parole by immigration officials in January 2024 and has been working as a commercial truck driver since arriving in the United States. ECF No. 1 ¶ 19-20, 24, 27; ECF No. 1-1 at 5. In August 2025, the Broward County Sheriff's Office arrested the petitioner on charges of (1) sexual battery on a victim 18 years or older by a person 18 years or older without physical force or violence and (2) battery. ECF No. 16-2 at 1. This arrest stemmed from an incident occurring on January 1, 2025. ECF No. 16-3.

As alleged in the general affidavit and application for arrest warrant, during the early morning

hours of January 1, 2025, the petitioner was messaging a female acquaintance ("the alleged victim") on Instagram. ECF No. 16-3 at 6-7. While messaging on Instagram, they decided to go out somewhere together, though they did not discuss going to the petitioner's apartment, and the petitioner offered to pick her up, which she accepted. ECF No. 16-3 at 7.

After picking her up, the petitioner drove the alleged victim to his apartment, where she eventually fell asleep. ECF No. 16-3 at 7. She woke up to the petitioner having sexual intercourse with her by inserting his penis into her vagina. ECF No. 16-3 at 7. She then told him that she did not want to have sexual intercourse, and she attempted to leave. ECF No. 16-3 at 7. But he "pulled her hair, threw her on the bed[,] and put a pillow over her face to keep her quiet as she was screaming." ECF No. 16-3 at 7. Thereafter, he stopped having sexual intercourse with her and drove her home. ECF No. 16-3 at 7.

When contacted by the police, the petitioner—through counsel—denied having had sexual contact with her since "she was acting crazy" that night. ECF No. 16-3 at 9. DNA testing was then conducted on two pieces of evidence, and the results showed that, for one piece of evidence, it was 62.9 sextillion times more likely that the DNA combination was from the petitioner and the alleged victim than from the alleged victim and an unknown male and that, for the other piece of evidence, it was 2.2 septillion times more likely that the DNA combination was from the petitioner and the alleged victim than from the alleged victim and an unknown male. ECF No. 16-3 at 9-10.

After the Broward County Sheriff's Office arrested the petitioner for the aforementioned state charges stemming from these acts, the United States Department of Homeland Security ("DHS") commenced removal proceedings against him on the basis that "at the time of application for admission, [the petitioner was] not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the [Immigration and

Nationality] Act, and a valid unexpired passport, or other suitable travel document, or document of identity and nationality as required under the regulations issued by the Attorney General under section 211(a) of the [Immigration and Nationality] Act." ECF No. 16-4 at 2-3. The petitioner was then taken into the custody of United States Immigration and Customs Enforcement ("ICE") "pending removal proceedings." ECF No. 16-4 at 3.

The petitioner then filed this petition, pursuant to 28 U.S.C. § 2241, for the writ of habeas corpus. ECF No. 1. He seeks the writ for the "Court [to] issue an immediate show cause order to the Respondents to bring the Petitioner to Court and show cause why he should not be immediately released on a reasonable bond." ECF No. 1 at 12. The petitioner argues that he is entitled to the issuance of the writ because his constitutional Due Process Rights and his Eighth Amendment Rights have been violated by his detention in ICE custody. *See* ECF No. 1 ¶ 5-7.[1]

Later, the State of Florida filed a notice of no information filed as to the state charges against him and declined to prosecute the case. ECF No. 5-1. Nevertheless, the petitioner remains in ICE's custody while his removal proceedings are ongoing. *See generally* ECF No. 5; ECF No. 16.

After the government was served with process, this Court issued an order for the parties to brief the Court's subject matter jurisdiction under 8 U.S.C. §§ 1252(b)(9) and/or (g). ECF No. 15.

**Analysis**

8 U.S.C. § 1252(g) states:

> Except as provided in this section and *notwithstanding any other provision of law* (statutory or nonstatutory), *including section 2241 of title 28, United States Code, or any other habeas corpus provision*, . . . no other court shall have jurisdiction to hear *any cause or claim* by or on behalf of any alien *arising from the decision or*

---

[1] The petitioner alleges the Eighth Amendment has been violated because his detention has "depriv[ed] [him] of his urgent need [for] medical care and surgery[.]" ECF No. 1 ¶ 7. Before being detained, he had surgery scheduled for the week before this petition was filed—which would have been in early September 2025. ECF No. 1 ¶ 21. The surgery would have been to correct back pain originating from a car accident the petitioner had in December 2024. ECF No. 1 ¶ 21; ECF No. 1-1 at 1.

3

> *action by the Attorney General* to commence proceedings, adjudicate cases, or execute removal orders against any alien under this Act.

(Emphasis added).

As the Supreme Court has explained, § 1252(g) plainly deprives courts of subject matter jurisdiction in cases regarding the "three discrete actions" listed in § 1252(g): "to 'commence proceedings, adjudicate cases, or execute removal orders.'" *Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999) (emphasis removed) (quoting 8 U.S.C. § 1252(g)).

Indeed, because § 1252(g) uses the word "any" to modify the "cause[s] or claim[s]" arising from the discretionary acts listed, it "makes no exception for" the types of causes or claims that can be heard when the petitioner challenges a "decision or action" arising from one of the three enumerated, discretionary acts. *Camarena v. Dir., Immigr. & Customs Enf't*, 988 F.3d 1268, 1273 (11th Cir. 2021). This is true regardless of the theory raised because "a party may not dress up a claim with legal or constitutional clothing to invoke [a court's] jurisdiction[.]" *Id.* at 1274 (quoting *Patel v. U.S. Att'y Gen.*, 971 F.3d 1258, 1272 (11th Cir. 2020) (en banc)); *see also Demore v. Hyung Joon Kim*, 538 U.S. 510, 537 (2003) (O'Connor, Scalia, and Thomas, JJ., concurring in part and concurring in the judgment) ("*Nowhere in* [*Reno*] did the Court suggest, however, that the statute's jurisdictional limits might not apply depending on the particular grounds raised by an alien challenging the Attorney General's decision in these three areas." (emphasis added)).

Moreover, § 1252(g)'s use of the phrase "arising from" means that if any of the three discretionary acts listed "is the basis of the claim[,]" federal courts lack subject matter jurisdiction over the proceedings. *See Gupta v. McGahey*, 709 F.3d 1062, 1065 (11th Cir. 2013) ("Section 1252(g) is unambiguous: it bars federal courts' subject-matter jurisdiction over any claim for which the 'decision or action' of the Attorney General (usually acting through subordinates) to

4

commence proceedings, adjudicate cases, or execute removal orders against any alien under this Act."); *see also Arise*, Black's Law Dictionary (12th ed. 2024) (defining to "arise [from]" as "[t]o originate" or "to stem (from)").

Thus, to determine whether § 1252(g) applies and bars a claim, "courts must focus on the action being challenged." *Camarena*, 988 F.3d at 1272 (quoting *Canal A Media holding, LLC v. U.S. Citizenship & Immigr. Servs.*, 964 F.3d 1250, 1257-58 (11th Cir. 2020)).

Here, because the action being challenged arises from the decision to commence removal proceedings against the petitioner, § 1252(g) bars the petition. *See Reno*, 525 U.S. at 473-74, 492 (concluding that § 1252(g) barred claims raising statutory and constitutional (First and Fifth Amendment) violations because the claims sought "to prevent the initiation of deportation proceedings").

As plainly stated in DHS's Record of Deportable/Inadmissible Alien, the petitioner was detained by ICE because of the decision to commence removal proceedings against him. *See* ECF No. 16-4 at 3 ("The [petitioner] will be held in ICE custody *pending removal proceedings*." (emphasis added)). Indeed, the petitioner does not dispute that his detention in ICE custody is because of the removal proceedings. *See* ECF No. 1 ¶ 2 ("Petitioner is currently detained by [ICE] at the federal detention center in Miami, Florida, *pending removal proceedings*." (emphasis added)).

Thus, because his petition challenges his detention in federal immigration custody resulting from the removal proceedings commenced against him, this petition necessarily "arises" from the Attorney General's "decision or action" to commence removal proceedings against him. *See Gupta*, 709 F.3d at 1065 ("Securing an alien while awaiting a removal determination constitutes an action taken to commence proceedings."); *Alvarez v. U.S. Immigr. & Customs Enf't*, 818 F.3d

5

1194, 1203 (11th Cir. 2016) (explaining that § 1252(g) deprives courts of subject matter jurisdiction to review "ICE's decision to take [an alien] into custody and to detain him during his removal proceedings" because "[t]hese [actions] . . . arise from ICE's decision to commence proceedings"); *see also Mbutha v. U.S. Immigr. & Customs Enf't*, --- F. Supp. 3d ----, No. 1:25-cv-23593-EA, 2025 WL 3550997, 2025 U.S. Dist. LEXIS 256562, at *2 (WL), at *5 (LEXIS) (S.D. Fla. Dec. 11, 2025) ("[D]etaining an alien undoubtedly '*arises*' from the Attorney General's 'decision or action' to commence proceedings against the alien, as those terms plainly indicate.").

Accordingly, § 1252(g) deprives the Court of subject matter jurisdiction over this petition.

## Conclusion

Therefore, it is **ORDERED AND ADJUDGED**:

1. The petition [ECF No. 1] is **DISMISSED WITHOUT PREJUDICE**. *See Stalley v. Orlando Reg'l Healthcare Sys.*, 524 F.3d 1229, 1232 (11th Cir. 2008) ("A dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice."); *see also Mbutha*, --- F. Supp. 3d ----, 2025 WL 3550997, (dismissing a petition for writ of habeas corpus where the Court lacked subject matter jurisdiction over the petition under 8 U.S.C. § 1252(g) because the petition arose from the decision to commence removal proceedings against the alien).

2. This **CASE IS CLOSED**.

3. All pending motions are **DENIED AS MOOT**, and all pending deadlines are **TERMINATED**.

**ORDERED** in Chambers in West Palm Beach, Florida, this 29th day of January 2026.



ED ARTAU
UNITED STATES DISTRICT JUDGE

Copies Served:

**Michael A. Pizzi**
Michael A Pizzi, Jr., P.A.
Suite 316
6625 Miami Lakes Drive East
Miami Lakes, FL 33014
305-777-3800
Fax: 305-777-3802
Email: mpizzi@pizzilaw.com

**Noticing 2241/Bivens US Attorney**
Email: usafls-2255@usdoj.gov

**Noticing INS Attorney**
Email: usafls-immigration@usdoj.gov

**Alicia Hayley Welch**
DOJ-USAO
Civil Division
99 N.E. 4th Street
3rd Floor
Miami, FL 33132
305-961-9455
Email: Alicia.Welch@usdoj.gov